UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 11-11019-JGD

GREGORY T. BROWN

      Plaintiff

v.

ESSEX COUNTY, et al.

      Defendants

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Now comes the Defendants and hereby submit the following Proposed Jury Instructions for the Court's consideration.

Defendants,

/s/*Stephen C. Pfaff*
_____

Stephen C. Pfaff, BBO# 553057
Louison, Costello, Condon & Pfaff, LLP
101 SummerStreet, 4th Floor
Boston, MA 02110
617-439-0305

## CERTIFICATE OF SERVICE

I, Stephen C. Pfaff, hereby certify that on the 16th day of July, 2013, I served the foregoing document via electronic filing and/or by causing a copy to be mailed, postage prepaid, directed to:

John R. Bita III, Of Counsel
Milligan Coughlin LLC
Seven Liberty Square – 2nd Floor
Boston, Massachusetts 02109

/s/*Stephen C. Pfaff*
_____

Stephen C. Pfaff

**INSTRUCTION NO.    1    **

Damages based on the abstract "value" or "importance" of constitutional rights are not a permissible element of compensatory damages in Sec. 1983 cases.  <u>Memphis Community School District v. Stachura</u>, 477 U.S. 299, 106 S. Ct. 25, 37 (1986).

**INSTRUCTION NO.   2**

If you find that the plaintiff's rights were violated, you can award compensatory damages only if you find actual injury caused by the constitutional deprivations.  <u>Carey v. Piphus</u>, 435 U.S. 247 (1987).

**INSTRUCTION NO.   3**

In considering the issue of plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of evidence as full, just and reasonable compensation for all of the plaintiff's damages, no more and no less. Damages must not be based on speculation or sympathy because it is only actual damages - what the law calls compensatory damages - that are recoverable. Carey v. Piphus, 435 U.S. 247 (1987).

**INSTRUCTION NO.   4**

      You may not award any damages to the plaintiff based on loss or damage he sustained for his constitutional rights.  You may only award damages which were caused to them for violations of his constitutional rights and nothing else.   <u>Ortiz v. Burgos</u>, 807 F.2d 6 (1st Cir. 1986).

**INSTRUCTION NO.   5**

If you find the defendant did not violate the plaintiff's constitutional rights, then you may not assess any damages.  <u>Ortiz v. Burgos</u>, 807 F.2d 6 (1st  Cir. 1986)

**INSTRUCTION NO.   6**

      If you find that the plaintiff suffered no injury, no compensatory damages can be awarded.  <u>Memphis County School District v. Stachura</u>, 477 U.S. 299, 106 S. Ct. 25, 37 (1986).

**INSTRUCTION NO.   7**

      The plaintiff's case is presented to the Court in the form of a complaint.  The complaint is brought under a federal law that is known as Section 1983 of Title 42 of the United States Code.  That law provides that any person may seek redress in this Court by way of damages against any person or persons who, under color of law, knowingly subject such person to the deprivation of a right protected by the United States Constitution.  In this instance the Plaintiff's Complaint alleges that the plaintiff was deprived of his rights pursuant to the Fourth Amendment to the United States Constitution.

**INSTRUCTION NO.   8**

For the defendant to be liable, the plaintiff has the burden of proving by a preponderance of the evidence that whatever injuries they suffered were proximately caused by the conduct of the defendant.  That is, you cannot find that the defendant violated the plaintiff's constitutional rights unless you find that there is a sufficient casual connection between the defendant's acts and the alleged injury.  To determine whether there is an affirmative link between the defendant's acts and the alleged injury. Fernandez v. Chardon, 681 F. 2d 42, 55 (1st Cir. 1982), aff'd sub. nom. Chardon v. Soto, 103 S. Ct. 2611, 77 L. Ed. 2d 47 (1983); Rizzo v. Goode, 443 U.S. 362, 371 (1976).

**INSTRUCTION NO.    9  **

The law grants governmental officials qualified immunity if their conduct is reasonable in light of clearly established statutory or constitutional law.  <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, (1982).  Even if the law is clearly established, you must still examine all the facts to determine if the conduct of the defendants was reasonable.  <u>Anderson v. Creighton</u>, 483 U.S. 635, 107 S. Ct. 3034 (1987).

If you find that the defendant's conduct was reasonable in light of the law and particular facts then you must return a verdict for the defendants.

**INSTRUCTION NO.   10**

A public official has a qualified immunity and is thereby shielded from liability for civil damages if his conduct does not violate clearly established federal constitutional rights of which a reasonable person would have knowledge.  <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982); <u>Anderson v. Creighton</u>, 483 U.S. 635 , 107 S. Ct. 3034 (1987).

**INSTRUCTION NO.   11**

    "The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law". <u>Hunter v. Bryant</u>, 116 L.Ed. 589 (1991).

**INSTRUCTION NO.   12**

 You have the discretion to assess punitive damages in an action under 42 U.S.C. Sec. 1983 if and only if you find the correction officer's conduct to have been motivated by evil motive or intent, or that it involved reckless or callous indifference to the rights of the plaintiff.  Smith v. Wade, 461 U.S. 30, 103 S. Ct. 1625 (1983); Larez v. City of Los Angeles, 946 F.3d 630 (9th Cir. 1991). Moreover, punitive damages may not be awarded where actual damages suffice to deter a defendants' wrongdoing.  Rosado v. Santiago, 562 F. 2d 114, 121 (1st Cir. 1977).

**INSTRUCTION NO.   13**

The defendants in their capacity as correction officers were entitled to use force to protect themselves and to effectuate the arrest and custody of the plaintiff and to control and restrain the plaintiff.  Commonwealth v. Klein 372 Mass. 823(1977).

## INSTRUCTION NO.  14

If you find that the plaintiff's injuries were the result of unintended conduct by the defendants, you may not award damages for any injuries resulting from such conduct.

Daniels v. Williams, 474 U.S. 335 (1986); Williams v. City of Boston, 784 F.2d 430 (1st Cir. 1986).

**INSTRUCTION NO.    15**

"The use of force must not only be intentional but also unjustified.  Conversely, if the use of force is justified, though intentional, there is no battery."  Nolan, Criminal Law, 32 Mass. Prac. Section 322 at 173, citing Commonwealth v. Randall, 70 Mass. 36 (1855) and Commonwealth v. Cooky, 72 Mass. 350 (1856).

A correction officer is justified in using such force as is necessary to overcome the resistance offered by one being lawfully arrested.  Powers v. Sturtevant, 199 Mass. 265 (1908).  Thus, a correction officer is justified or privileged to use force in making a lawful arrest, Id., and cannot be held liable for assault and battery.

INSTRUCTION NO.   16

**Excessive Force**

The test you are to use to determine if the force used in this case was excessive in this: pay careful attention to the facts and circumstances, including the severity, or lack of severity, of the alleged crime in issue; whether the person against whom the force was used posed an immediate threat to the safety of the correctional officers or others; and whether the person against whom the force was used was actively resisting restraint. You must weigh together all of these three factors to determine whether or not the force used was or was not excessive.  <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989).

**INSTRUCTION NO.  17**

　　With respect to a claim of excessive force, the standard of reasonableness at the moment the force is used applies.  <u>Schulz v. Long</u>, 44 F.3d 643 (8th Cir. 1995).

**INSTRUCTION NO.  18**

Every push and shove does not amount to a constitutional violation.  See, Roy v. Inhibitants of the City of Lewistown, et al., F.3d   (Dec. 21, 1994)  Paul v. Davis, 42 U.S. 693, 699-701 (1976); Meredith v. State of Arizona, 532 F. 2d 481, 483 (9th Cir. 1975); O'Grady v. City of Montpelier, 573 F. 2d 747, 751 (2nd Cir. 1978); Reed v. Philadelphia Housing Authority, 372 F. Supp. 686, 689-692 (E.D. Pa., 1974); Suits v. Lynch, 437 F. Supp. 38, 40 (D. Kan., 1977); Donahue v. Maynard, 437 F. Supp. 49 (D. Kan., 1977); Fisher v. Turner, 335 F. Supp. 557 (D. Utah, 1972); See, Howell v. Cataldo, 464 F. 2d 272, 282 (3rd Cir. 1972).

**INSTRUCTION NO. <u>19</u>**

    The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than the 20/20 vision of hindsight.

                <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989).

**INSTRUCTION NO.  20**

The reasonableness or excessiveness of the force necessary is a matter to be determined in the light of the circumstances as they appear to the officer at the time of the arrest; and juries are not to substitute their own judgment (as a "Monday morning quarterback") for the official discretion of the functionary in the front line, when such discretion if exercised reasonable.  Force thus found to be reasonable or not excessive under the circumstances is deemed to be in conformity with, and not in contravention of, due process of law; and hence does not create liability under 42 U.S.C. Section 1983. <u>Samuel v. Busnuck</u>, 423 F. Supp. 99 (1976).

**INSTRUCTION No. 21**

     To evaluate whether or not the defendants have qualified immunity, you must "first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether the right was clearly established at the time of the alleged violation."  <u>Wilson v. Layne</u>, 526 U.S. 603, 609, 119 S. Ct. 1692, 1697 (1999).

**INSTRUCTION No.   22**
**State of Mind: General**

      In order for the plaintiff to establish that he was deprived of a federal right under §1983, he must also show that the defendants acted intentionally or recklessly.  If you find that the acts of the defendant officers were merely negligent, then, even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for the defendant officers.  5 L. Sand et al., Modern Federal Jury Instructions: Civil, ¶ 87.03, Instruction No. 87-75 (1998); City of Canton v. Harris, 489 U.S. 378, 388-90 (1989); Daniels v. Williams, 474 U.S. 327, 336 (1986); Davidson v. Cannon, 474 U.S. 344, 347 (1986).

**INSTRUCTION NO.    23**
**State of Mind: Intentional**

An act is intentional if it is done knowingly-that is, if it is done voluntarily and deliberately and not because of mistake, accident or negligence.  In determining whether the defendant officers acted with requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done; what the people involved said was in their minds; and your belief or disbelief with respect to those facts. 5 L. Sand et al., <u>Modern Federal Jury Instructions: Civil</u>, ¶ 87.03, Instruction No. 87-76 (1998).

**INSTRUCTION NO. <u>24</u>**

The plaintiff was an incarcerated prisoner at the Essex County Correctional Facility.  After incarceration, only the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment forbidden by the Eighth Amendment. <u>Whitley v. Albers</u>, 475 U.S. 312 (1986).

## INSTRUCTION NO. <u>25</u>

When dealing specifically with accusations of excessive physical violence by prison officials in violation of the Cruel and Unusual Punishment Clause, one must decide whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically to cause harm.  <u>Hudson v. MacMillian</u>, 503 U.S. 1, 67 (1992).

## INSTRUCTION NO. <u>26</u>

The "unnecessary and wanton standard" takes into consideration the need of prison officials to "maintain and restore discipline" in the face of disturbances.  <u>Hudson v. MacMillian</u>, 503 U.S. 1, 67 (1992). <u>Whitley v. Albers</u>, 475 U.S. 312 (1986).

## INSTRUCTION NO. <u>27</u>

      This deference should be granted whether prison officials are acting in response to riotous inmates or as a preventive measure.  The level of deference does not require that the jury fully substitute their judgment for that of the defendants that have made a considered choice.   Accordingly, you should give the defendants a "wide-ranging deference" with regard to actions in situations where the internal order and institutional security of the prison is threatened.

<u>Whitley v. Albers</u>, 475 U.S. 312-322 (1986).

**INSTRUCTION NO. <u>28</u>**

It is settled law that the treatment of prisoners is subject to scrutiny under the Eighth Amendment.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994).

INSTRUCTION NO. <u>29</u>

The proper standard for evaluating a claim of excessive force on a prisoner, is whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm.  <u>Hudson v. McMillan</u>, 503 U.S. 1, 6-7 (1992); accord, <u>Skinner v. Cunningham</u>, 430 Fed. 3d 483, 488 (lst Cir. 2005).

**INSTRUCTION NO. <u>30</u>**

Not every "malevolent" touch by a prison official affronts the Cruel and Unusual Punishment Clause and conduct involving "*de minimus* force" does not constitute a violation of the Eighth Amendment.   <u>Hudson</u>, 503 U.S. at 9-10; see, <u>Skinner</u>, 430 F.3d 488-489.

## INSTRUCTION NO. <u>31</u>

There are several factors that should be evaluated in determining whether a use of force was "wanton and unnecessary."  They include the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials and any effort made to temper the severity of a forceful response.  <u>Hudson</u>, 503 U.S. at 7.