UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GREGORY T. BROWN, Jr.,

     Plaintiff,

v.

COMMONWEALTH OF MASSACHUSETTS,
FRANK G. COUSINS, Jr., MICHAEL MARKS,
FRANK L. WATERMAN, KEVIN G. CLARK,
JORDAN CORREIA, and NATHANIEL
KARGBO,

     Defendants.

CIVIL ACTION
NO. 11–11019–JGD

## JOINT PRE-TRIAL MEMORANDUM

In accordance with the Court's Amended Order of January 17, 2013, the parties hereby submit their Joint Pre-Trial Memorandum.

### A.    SUMMARY OF THE EVIDENCE

    1.    Plaintiff

The evidence will show that Plaintiff Greg Brown had an unremarkable disciplinary history at the Essex County House of Correction, except that he had been the victim of inmate attacks and intimidation several times prior to the Kargbo attack which gave rise to this claim.  In January 2010, Brown was moved to the segregated unit at the prison because he was having "enemy issues" in the

general population.  As a result, Brown was placed on "protective custody" status in the segregated unit, where he was locked in his cell for 23 hours per day.  The correctional officers in the segregated unit placed Brown and inmate Nathaniel Kargbo in a cell together.   Kargbo had a history of violent behavior at the prison.  Right after Brown was placed in a cell with Kargbo, he began telling second shift officers Waterman, Clark, and Correia, that Kargbo was menacing him and that "something was going to happen" and asked to be moved to another cell.  Despite the fact that was on protective custody status, Officer Correia, after speaking with Officers Clark and Waterman, told Brown that he would not be moved, "unless there was blood."  This refusal to move Brown was negligent and constituted deliberate indifference to his health and safety.

Brown was attacked by his cellmate Nathanial Kargbo eight days after he was placed in a cell with Kargbo.  As a result of the unprovoked attack, Kargbo fractured most of the bones in Brown's face, as a result Brown required facial reconstructive surgery which included having a metal place fused to his skill, alloplastic grafting, and the removal of two teeth.  Brown has incurred about $38,000 in medical expenses, $7,000 of which has not been paid by the prison even though Brown was in the state custody at the time the bills were incurred.

    2.      Defendants

Defendants anticipate that the evidence will show that Plaintiff was incarcerated at the Essex County Correctional Facility from April 16, 2009 to April 21, 2010.

On or about March 16, 2010, Defendant Kargbo was transferred into Plaintiff's cell.  On or about March 24, 2010, Defendant Kargbo attacked the Plaintiff and injured him.  Defendant Kargbo pled guilty to Assault and Battery in the Salem District Court in January, 2011 for his assault on the Plaintiff.

Defendants deny ever being warned by the Plaintiff that Kargbo was a direct threat to his physical well-being.  Defendants anticipate that the evidence will be that Plaintiff was asked if he felt threatened by Kargbo and denied same.

**B.      FACTS ESTABLISHED BY THE PLEADINGS**

1.  Plaintiff was incarcerated at the Essex County Correctional Facility from April 16, 2009 to April 21, 2010.

2.  On or about March 24, 2010, Defendant Kargbo attacked the Plaintiff and injured him while they were in the cell they shared in the 120A Unit.

3.  Defendant Kargbo pled guilty to Assault and Battery in the Salem District Court in January, 2011 for his assault on the Plaintiff.

**C.      CONTESTED ISSUES OF FACT**

1.      Whether there evidence that Kargbo posed a threat to the Plaintiff.

2.      Whether the Defendants knew or should have known Kargbo was a threat to the Plaintiff.

3.      Whether the Defendants were deliberately indifferent to the risk Kargbo posed to the Plaintiff.

4.      Whether Kargbo was misclassified as protective custody status in the 120A Unit.

5.      Whether the Defendants conducted an adequate investigation of the incident and its causes.

## D.    JURISDICTIONAL QUESTIONS

None.

## E.    PENDING MOTIONS

Please refer to the Parties' Trial Briefs (which will be filed separately) which will discuss Motions in Limine (which will be filed separately).

## F.    ISSUES OF LAW (INCLUDING EVIDENTIARY QUESTIONS)

There may be an issue of law as to admissibility of prison incident reports and related records under the business records exception to the hearsay rule contained in Fed R. Evidence  803 (6).

## G.    AMENDMENTS TO THE PLEADINGS

None.

## H.    ADDITIONAL MATTERS

None.

## I.    LENGTH OF TRIAL

Three to five days.

## J.    NAMES, ADDRESSES OF WITNESSES

1.      Plaintiff

1. Superintendent Michael Marks, 20 Manning Ave., Middleton , MA;
2. Correctional Officer Frank Waterman 20 Manning Ave., Middleton, MA;
3. Correctional Officer Kevin Clark 20 Manning Ave., Middleton, MA;
4. Correctional Officer Jordon Correia, 20 Manning Ave., Middleton MA;

5. Investigator Richard T. Smith, Jr., 20 Manning Ave., Middleton , MA;
6. Officer James Gonzales, 20 Manning Ave., Middleton, MA
7. Superintendant Carol(e) Higgins, Asst Superintendent, Middlesex County, Billerica, MA;
8. Plaintiff Gregory Brown, Seabrook, N.H.
9. Keeper of Records, Beverly Hospital/Northeast Hospital Corp.
10. Keeper of Records, Beth Israel Hosp.
11. Adam M. Tobias, M.D., Beth Israel Hospital, Boston, MA.

Plaintiff reserves the right to call any witnesses listed by Defendant.

2.     Defendants

Defendants will plan to call Plaintiff's witnesses in their case in chief.

The defendants reserve their right to amend this witness list.

## K.     JOINT LIST OF EXHIBITS

1. Photo of cell unit
2. Diagram of unit
3. Kargbo's criminal charges and docket sheet from 3/24/10

The parties reserve their right to amend this list.

## L.     LIST OF EXHIBITS TO BE OFFERED AT TRIAL

A.     Plaintiff's Criminal record
B.     Plaintiff's Incident Report assigning him to Segregation Unit
C.     Kargbo's Incident Report assigning him to Segregation Unit
D.     3/24/10 Incident Reports
E.     Plaintiff's Disciplinary History
F.     Kargbo's Disciplinary History
G.     ECSD's Investigations unit 3/26/10 report
H.     ECSD Inmate Grievance Form
I.     ECSD Inmate Request Form
J.     Plaintiff's ECSD Classification Sheet and Reports
K.     Kargbo's ECSD Classification Sheet and Reports
L.     Plaintiff's Criminal Record
M.     Plaintiff's Offender Sheet
N.     Kargbo's Offender Sheet

    O.      Plaintiff's medical records and bills from Beverly Hospital and Beth Israel Hospital

    P.      Medical Illustrations depicting cranial and jaw fractures.

The parties reserve their right to amend this list.

## M.    MOTIONS

Please refer to Defendants' Motion in Limine.

| Plaintiff, | Defendants, |
|---|---|
| Gregory Brown | |
| By his attorney | By their  attorney, |
| /s/ John R. Bita III | /s/Stephen C. Pfaff |
| John R. Bita III, Of Counsel | Stephen C. Pfaff /BBO# 553057 |
| BBO 667886 | LOUISON, COSTELLO, |
| Milligan Coughlin LLC | CONDON & PFAFF, LLP |
| Seven Liberty Square – 2nd Floor | 101 Summer Street |
| Boston, Massachusetts 02109 | Boston, MA 02110 |
| t. 617-758-8800 | (617) 439-0305 |

<u>**CERTIFICATE OF SERVICE**</u>

I, Stephen C. Pfaff, hereby certify that on the 16th day of July, 2013, I served the foregoing electronically to the following:

John R. Bita III, Of Counsel
Milligan Coughlin LLC
Seven Liberty Square – 2nd Floor
Boston, Massachusetts 02109

/s/*Stephen C. Pfaff*

_____

Stephen C. Pfaff