UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GREGORY T. BROWN, Jr.,

      Plaintiff,

v.

COMMONWEALTH OF MASSACHUSETTS,
FRANK G. COUSINS, Jr., MICHAEL MARKS,
FRANK L. WATERMAN, KEVIN G. CLARK,
JORDAN CORREIA, and NATHANEL KARGBO,

      Defendants.

Civil Action
No. 11–11019–JGD

## PLAINTIFF'S FIRST REQUEST FOR JURY INSTRUCTIONS

THE PLAINTIFF,
GREGORY T. BROWN, Jr.,

By his attorney,

Dated:     July 16, 2013

/s/ *John R.. Bita III*
John R. Bita III (BBO # 667886)
Ilyas J. Rona, Esq. (BBO# 642964)
Milligan Coughlin LLC
7 Liberty Square – 2nd Floor
Boston, MA 02109
Tel. (617) 758.8800
Fax (855) 758.8811

# CONTENTS

Direct and Circumstantial Evidence ...................................................................................................1

Inferences ...........................................................................................................................................2

Adverse Inference – Failure to Produce Relevant Evidence.............................................................3

Credibility of Witnesses ....................................................................................................................4

Absent Witness—Adverse Inference Permitted ................................................................................5

Inferences to Be Drawn From Evasiveness .......................................................................................6

Specificity of Evidence of Damages..................................................................................................7

42 U.S.C. § 1983 – Civil Rights Act .................................................................................................8

Color of Law.......................................................................................................................................9

No Specific Intent Required .............................................................................................................10

Eighth Amendment – Deliberate Indifference .................................................................................11

Eighth Amendment – Prisoner on Prisoner Assault ........................................................................12

Prison Litigation reform Act – Administrative Exhaustion .............................................................13

Massachusetts Civil Rights Act .......................................................................................................14

Compensatory Damages ...................................................................................................................15

Compensatory Damages – Emotional Distress.................................................................................16

Conscious Pain and Suffering...........................................................................................................17

Punitive Damages .............................................................................................................................18

Credibility of Witnesses ...................................................................................................................19

Bias of Officials as Witnesses ..........................................................................................................20

Interest – 42 U.S.C. § 1983..............................................................................................................21

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may use to determine the facts of a case: direct evidence and circumstantial evidence.  You have direct evidence, where a witness testifies directly about the fact that is to be proved, based on what [he/she] claims to have seen or heard or felt with [his/her] own senses, and the only question is whether you believe the witness.  You have circumstantial evidence, where no witness can testify directly about the fact that is to be proved, but you are presented with evidence of other facts and then asked to draw reasonable inferences from them about the fact that is to be proved.

There is no difference in probative value between direct and circumstantial evidence.

*Commonwealth v. Corriveau*, 396 Mass. 319, 339, 486 N.E.2d 29, 43 (1985).

## <ins>INFERENCES</ins>

An inference is a permissible deduction that you may make from evidence that you have accepted as believable.  Inferences are things you do every day: little steps in reasoning, in which you take some known information, apply your experience in life to it, and then draw a conclusion.

You may draw an inference even if it is not necessary or inescapable, so long as it is reasonable and warranted by the evidence.

*Commonwealth v. Dinkins*, 440 Mass. 715, 720-21, 802 N.E.2d 76, 81 (2004).

## ADVERSE INFERENCE – FAILURE TO PRODUCE RELEVANT EVIDENCE

You may infer that a party's refusal to produce a relevant document, or the destruction of it, is evidence from which alone its contents may be inferred to be unfavorable to that party, provided the opponent, when the identity of the document is disputed, first introduces some evidence tending to show that the document actually destroyed or withheld is the one as to whose contents it is desired to draw an inference.

*Nation-Wide Check Corp., Inc. v. Forest Hills Distributors, Inc.*, 692 F.2d 214, 217-18 (1st Cir. 1982).

## CREDIBILITY OF WITNESSES

It will be your duty to decide any disputed questions of fact. You will have to determine which witnesses to believe, and how much weight to give their testimony. You should give the testimony of each witness whatever degree of belief and importance that you judge it is fairly entitled to receive. You are the sole judges of the credibility of the witnesses, and if there are any conflicts in the testimony, it is your function to resolve those conflicts and to determine where the truth lies.

You may believe everything a witness says, or only part of it, or none of it.

In deciding whether to believe a witness and how much importance to give a witness's testimony, you must look at all the evidence, drawing on your own common sense and experience of life.  Often it may not be what a witness says, but how [he/she] says it that might give you a clue whether or not to accept [his/her] version of an event as believable.  You may consider a witness's character, [his/her] appearance and demeanor on the witness stand, [his/her] frankness or lack of frankness in testifying, whether [his/her] testimony is reasonable or unreasonable, probable or improbable. You may take into account how good an opportunity [he/she] had to observe the facts about which [he/she] testifies, the degree of intelligence [he/she] shows, whether [his/her] memory seems accurate.

You may also consider [his/her] motive for testifying, whether [he/she] displays any bias in testifying, and whether or not [he/she] has any interest in the outcome of the case.

## ABSENT WITNESS — ADVERSE INFERENCE PERMITTED

Where a party, without explanation, does not call a witness who is known to and can be located and brought forward by that party, who is friendly to, or at least not hostile toward, that party, and who can be expected to give material testimony of distinct importance to that party, then the jury may, if they think it reasonable in the circumstances, infer that the witness would have given testimony unfavorable to that party.

*Commonwealth v. Schatvet*, 23 Mass. App. Ct. 130, 134, 499 N.E.2d 1208, 1210-11 (1986).

## **INFERENCES TO BE DRAWN FROM EVASIVENESS**

If you find that, relative to any material evidence in the case, as party has been evasive, or has given willfully false evidence, or has falsely professed ignorance concerning a matter about which it is knowledgeable, then you may infer that such conduct supports an inference of consciousness of liability by the party, and may consider such an inference, together with other direct evidence of liability, as evidence concerning liability.

*Olofson v. Kilgallon*, 362 Mass. 803, 291 N.E.2d 600 (1973); *Parsons v. Ryan*, 340 Mass. 245, 163 N.E.2d 293 (1960); *Rick v. Finley*, 325 Mass. 99, 89 N.E.2d 213 (1949); *Sheehan v. Goriansky*, 317 Mass. 10, 56 N.E.2d 883 (1944); *City of Boston v. Santusso*, 307 Mass. 302, 30 N.E.2d 278 (1940).

## SPECIFICITY OF EVIDENCE OF DAMAGES

The plaintiff is not obligated to establish his damages with the exactness of
mathematical demonstration.

*Bond Pharmacy Inc. v. City of Cambridge*, 338 Mass. 488, 156 N.E.2d 34 (1959); *George R.
Whitten, Jr., Inc. v. Paddock Pool Builders, Inc.*, 376 F. Supp. 125 (D. Mass. 1974), *aff'd*, 508
F.2d 547 (1st Cir. 1004).

## 42 U.S.C. § 1983 – CIVIL RIGHTS ACT

 The Plaintiff has filed this action, in part, under a provision of the United States Code, Title 42, section 1983, which gives a person the right to bring a lawsuit, and seek redress by way of money damages, for a violation of a constitutional right by a correctional officer acting in an official capacity.  In order to prevail on this claim, the Plaintiff must prove two things:

> 1) that the Defendant acted under color of state law; and
> 2) that the Defendant deprived the Plaintiff of one or more constitutional rights.

State law provides a similar remedy.

42 U.S.C. § 1983; *Gomez v. Toledo*, 446 U.S. 635 (1980); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Monroe v. Pape*, 365 U.S. 167 (1961).

## COLOR OF LAW

"Acting under color of law" simply means acting in one's capacity as a corrections officer.  There is no dispute that the Defendant in this case was acting under color of law at the time of this incident, and you must find this element to have been established.

## NO SPECIFIC INTENT REQUIRED

It is not necessary in a case like this to find that the Defendant had any specific intent to deprive the Plaintiff of his constitutional rights.  The Plaintiff is entitled to relief if a Defendant acted in a manner which then resulted in a violation of her constitutional rights.

*Monroe*, 365 U.S. at 16; *Hudson v. New York City*, 271 F.3d 62 (2d Cir. 2001) (reversing judgment for Defendants where court instructed jury that an intentional violation of constitutional rights was required).

## EIGHTH AMENDMENT – DELIBERATE INDIFFERENCE

Deliberate Indifference entails something more than mere negligence, "it is satisfied by something less than acts and omissions for the very purpose of causing harm or with knowledge that harm will result."  A prison official acts with deliberate indifference when he "knows of an disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that substantial risk of serious harm exists, and he must also draw that inference."

"Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence… and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."

*Calderon-Ortiz v. Laboy-Alvarado*, 300 F. 3d 60, 64 (1st Cir 2001); *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

## <u>EIGHTH AMENDMENT – PRISONER ON PRISONER ASSAULT</u>

Prison Officials have a duty under the Eighth Amendment "to protect prisoners from violence at the hand of other prisoners."  "Prison officials must take reasonable measures to guarantee inmates' safety from attacks by other inmates."

For a claim based on failure to prevent harm, the plaintiff must first show that he is incarcerated under conditions posing a risk of serious harm.  Second, the plaintiff must show that the defendants acted with deliberate indifference to his health or safety.

*Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Calderon-Ortiz v. Laboy-Alvarado*, 300 F. 3d 60, 64 (1st Cir 2001).

## PRISON LITIGATION REFORM ACT – ADMINISTRATIVE EXHAUSTION

The Prison Litigation Reform Act does not require an inmate to exhaust all prison administrative procedures before filing suit, just those administrative remedies as are available.  If a matter is not "grievable" under the prison's grievance policy, there is no administrative remedy to exhaust.

*Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Shaheed-Muhammad v. DiPaolo*, 393 F. Supp. 2d 80, 102-3 (D. Mass. 2005).

## MASSACHUSETTS CIVIL RIGHTS ACT

 The Plaintiff has prevailed on a Massachusetts Civil Rights Act claim when he shows, by a preponderance of the evidence, that her civil rights were violated by threats, intimidation, or coercion.  The Massachusetts Civil Rights Act is co-extensive with §1983.   Therefore, if you find for the Plaintiff on a Eighth Amendment claim then you must also find for him on the Massachusetts Civil Rights Act claim.

See *Batchelder v. Allied Stores Corp.*, 393 Mass. 819, 822-23 (1985); *Canney v. Chelsear*, 925 F. Supp 58, 68 (D. Mass 1996).

## COMPENSATORY DAMAGES

The fact that the Plaintiff's rights are found to have been violated in and of itself entitles him to actual damages.  Therefore, if you decide for the Plaintiff on the issue of liability, you must then fix the amount of money damages that will reasonably and fairly compensate him for any harm which the wrongful conduct of the Defendants was a substantial factor in bringing about.

Among the elements of injury and harm which you should consider are:

a.      Any physical harm to the Plaintiff during and after the incident, including ill health, physical pain, disability, or discomfort.

b.      The reasonable value of medical care that the Plaintiff reasonably needed and actually obtained, and the present value of medical care the Plaintiff is reasonably certain to need in the future.

c.      Any emotional and mental harm to the Plaintiff during and after the incident, including fear, humiliation, and mental anguish, and any emotional harm, fear, or mental anguish that Plaintiff will, with reasonable certainty, suffer in the future.

## COMPENSATORY DAMAGES – EMOTIONAL DISTRESS

In determining the Plaintiff's damages for emotional distress, you are to fairly compensate him for past, present and future pain and suffering associated with his emotional distress including compensation for mental anguish, humiliation, nervous shock, emotional disturbance, fright, terror, alarm and anxiety. You may include in your award any amount that you feel will fairly compensate the Plaintiff for deterioration of his health, for future medical psychiatric and counseling expenses, and for impairment of her future earning capacity resulting from the emotional distress.

## CONSCIOUS PAIN AND SUFFERING

The Plaintiff is entitled to recover for the conscious pain and suffering sustained a result of Defendants' negligence.

Pain and suffering are of two types: physical pain and suffering, and mental pain and suffering. For physical pain and suffering, you are to consider the areas of the body in which you find the plaintiff was physically injured.

Mental pain and suffering includes any and all nervous shock, anxiety, embarrassment, or mental anguish resulting from the injury. Again, you should take into account mental suffering from the date of the injuries to the present.

Taking into consideration the nature of the injury, you are to determine what would be a fair and reasonable figure concerning conscious pain and suffering. To arrive at a monetary figure for the plaintiff's pain and suffering claim, you must use your own good sense, background, and experience in determining what would be a fair and reasonable figure to compensate for the physical and mental suffering such as you find has been proved by the evidence.

*Rodgers v. Boynton*, 315 Mass. 279, 280, 52 N.E.2d 576 (1943).

## **PUNITIVE DAMAGES**

You must also decide whether the Plaintiff is entitled to the award of any punitive damages.  The function of punitive damages is to punish the Defendants for malicious conduct and to deter similar conduct by others.  Whether you decide to award any punitive damages should be based on whether you find that the Defendants acted willfully, deliberately, maliciously, or with reckless disregard for the Plaintiff's constitutional rights.  If you find that they have done one of those things, then you should award punitive damages.

Punitive damages may be awarded even if the violation of Plaintiff's rights resulted in only nominal compensatory damages.  That is, even if the Plaintiff can show no damages or other injury as a result of the Defendants' actions, if these actions were deliberate, willful, or made with reckless disregard for Plaintiff's rights, punitive damages are appropriate.

## CREDIBILITY OF WITNESSES

There was quite a bit of testimony from different corrections officers in this case.  The testimony of a corrections officer should be considered by you just as any other evidence in this case, and in evaluating their credibility you should use the same guidelines which you apply to the testimony of any witness.

You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and you should weigh and balance it just as carefully as you would the testimony of any other witness.  You should not give either greater or lesser credence to the testimony of a witness merely because he or she is a corrections officer.

*Roberts v. Hollocher*, 664 F.2d 200 (8th Cir. 1981); *Darbin v. Nourse*, 664 F.2d 1109 (9th Cir. 1981); *Bush v. United States*, 375 F.2d 602, 605 (D.C. Cir. 1967).

## BIAS OF OFFICIALS AS WITNESSES

Several of the witnesses are still employed as corrections officers and hence are interested witnesses in the outcome of this case.  Their relationship with and employment by the Essex County Sheriff's Department are matters for you to consider, together with your observation of the witnesses and the testimony you have heard, in determining whether they are biased in favor of the Defendants, and what weight you will give to their testimony.

## INTEREST – 42 U.S.C. § 1983

 If you have determined that compensatory damages should be awarded to the Plaintiff, you must also decide whether to award interest.  This lawsuit was begun years ago, and you may award interest from that time to the present on the sum which you have decided is an appropriate compensatory damage award.  Whether you do award interest should depend upon whether you conclude that interest is necessary to compensate the Plaintiff fully for any injury suffered, bearing in mind that the Plaintiff have not had the use of the damages you award during the time this litigation has been pending.

If you do award interest, the actual sum will be computed by the clerk at the rate provided by the law.

*Furtado v. Bishop*, 604 F.2d 80 (1st Cir. 1980).

## CERTIFICATE OF SERVICE

        I, John R. Bita, hereby certify that this document filed through the

CM/ECF system will be sent electronically to the registered participants as identified

on the NEF (NEF) and paper copies will be sent to those indicated as non-registered

participants on July 16, 2013.

Dated: July 16, 2013                    /s/ *John R. Bita*
                                                        John R. Bita